UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADITYA MAHESHWARI,
1000 National Avenue, Apt. #231,
San Bruno, CA  94066,

       Plaintiff,

  v.

MICHAEL B. MUKASEY, Attorney
General of the United States, in his
official capacity as well as his
successors and assigns,
U.S. Department of Justice,
950 Pennsylvania Avenue, N.W.,
Washington, D.C. 20530-0001,

       and

ROBERT S. MUELLER, III, Director,
Federal Bureau of Investigation,
In his official capacity, as well as his
successors and assigns,
J. Edgar Hoover Building,
935 Pennsylvania Avenue N.W.,
Washington, DC 20535-0001,

       and

EMILIO T. GONZALEZ, Director,
U.S. Department of Homeland
Security, U.S. Citizenship and
Immigration Services, in his official
capacity, as well as his successors
and assigns,
20 Massachusetts Avenue, N.W.,
Washington, DC 20529,

       and

F. GERARD HEINAUER, Director,
Nebraska Service Center,
U.S. Department of Homeland
Security, U.S. Citizenship and
Immigration Services, in his official
capacity as well as his successors
and assigns,
850 S. Street,
Lincoln, NE 68501,

       Defendants.

COMPLAINT FOR WRIT OF
MANDAMUS AND FOR EQUITABLE
RELIEF

CIVIL ACTION NO.

ALIEN NO.  A98 152 974

AGENCY CASE NO. LIN0422451337

REQUEST FOR ORAL ARGUMENT

**COMPLAINT FOR WRIT OF MANDAMUS
AND EQUITABLE RELIEF**

**To the Honorable Judges of Said Court:**

COMES NOW, Plaintiff, Aditya Maheshwari, through his undersigned counsel, and alleges as follows:

## I. INTRODUCTION

1.      This is a civil action seeking mandamus and equitable relief based upon the failure of the Federal Bureau of Investigation ("FBI") to complete Plaintiff's National Name Check Program clearance, which has unreasonably delayed any adjudication of the I-485 Application for Adjustment of Status, which was filed by Plaintiff, pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255 ("INA"), on **July 30, 2004**. *See*, Affidavit of Aditya Maheshwari, dated March 5, 2008, a copy of which is attached and incorporated hereto as "Exhibit A."

2.      Plaintiff seeks to compel Defendants Attorney General Mukasey and FBI Director Robert Mueller, and those acting under their direction, to complete Plaintiff's FBI National Name Check Program clearance (generating a "FBIQUERY System" response), which is required before the U.S. Citizenship and Immigration Service ("USCIS") can adjudicate his I-485 Application, pursuant to §245 of the INA, the Mandamus and Venue Act (28 U.S.C. §1361) ("Mandamus Act"), 8 U.S.C. §1101 (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), and the Administrative Procedures Act (5 U.S.C. §551 and §701, *et seq.*) ("APA").

2

3.    Attorneys fees and costs are entitled to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*[1]

**II. PARTIES**

4.    Plaintiff, Aditya Maheshwari, is an adult individual who is a national of India and resides lawfully in the United States. He resides at 1000 National Avenue, Apt. #231, San Bruno, California, 94066. *See,* Exhibit A.

5.    Michael B. Mukasey is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.    He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.    More specifically, Mr. Mukasey is responsible for overseeing the FBI's National Name Check Program ("NNCP"), which is mandated by Executive Order No. 10450. Presently, every intending immigrant must complete an FBI NNCP screening before an adjustment application filed on his or her behalf can be approved. *See,* 22 C.F.R. §42.67(c)(2).

6.    Robert S. Mueller, III, is the Director of the FBI and is named herein only his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

---

[1] *See,* Elkhatib v. Bulger, 2006 U.S. Dist. LEXIS 60485 (S.D. Fla. 2006) (fees granted after a plaintiff succeeded in his mandamus action seeking to compel the USCIS to adjudicate his adjustment application) and Aboushaban v. Mueller, 2007 U.S. Dist. LEXIS 15402 (N.D. Cal. 2006) (fees granted after the Court granted a plaintiff's writ of mandamus and ordered the USCIS to adjudicate his adjustment application).

7.    Dr. Emilio Gonzalez is the Director of the USCIS, who is named herein only his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS.   USCIS is specifically assigned the adjudication of immigrant worker petitions.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529.

8.    Defendants Mukasey, Gonzalez and Mueller are federal officers and agency heads who perform a significant amount of their official duties in the District of Columbia.

9.    F. Gerard Heinauer is the District Director of the Nebraska Service Center ("NSC") and is named herein only in his official capacity, as well as his successors and assigns.  Plaintiff properly filed his application for adjustment of status with the NSC.  USCIS, through its headquarters in Washington, D.C., any of its four (4) service centers, National Benefits Center, numerous Field Offices, numerous Sub-Offices and Application Support Centers, has a mandatory duty to act on Plaintiff's application for adjustment of status within a reasonable period of time.

**III. JURISDICTION**

10.    This Honorable Court has subject matter jurisdiction over this Complaint under the Constitution and laws of the United States, including the Fifth Amendment to the U.S. Constitution,[2] provisions of Title 8 U.S.C. §1101, *et seq.* (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements

---

[2] The U.S. Supreme Court reminds us that, "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent."  *See*, Zadvydas v. Davis, 533 U.S. 678, 679 (2001)

Act of 2000"), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act), as well as under 5 U.S.C. §555 and 701, *et seq.* (APA).  Relief is requested pursuant to the U.S. Constitution and these statutes.

11.     When Congress enacted The Immigration Services and Infrastructure Improvements Act of 2000, it set the period of one-hundred-and-eighty days (180) as the normative expectation for the government to complete the processing of an immigrant benefit application.  This 180 day period, which begins upon the initial filing of the application, is considered a **reasonable processing time**.     *See*, 8 U.S.C. §1571 and <u>Konchitsky v. Chertoff</u>, 2007 U.S. Dist. LEXIS 53998 at 11-15 (N.D. Cal. July 13, 2007)

12.     **Plaintiff's I-485 Application has therefore been pending  for more than three (3) years and one (1) month longer than is considered reasonable** under 8 U.S.C. §1571.

13.     This action is filed in response to unreasonable agency delay and failure to complete Plaintiff's FBI NNCP screening and issue a "FBIQUERY System" response to the USCIS, which has unreasonably prevented the adjudication of Plaintiff's Adjustment Application, in violation of the APA.  Plaintiff merely seeks to compel FBI action on an unreasonably delayed NNCP screening.  **Plaintiff does not seek review of a discretionary decision rendered or act by non-FBI Defendants, including any action on the part of Defendant USCIS.**

14.     There are no administrative remedies available to Plaintiff to redress his grievances described herein.  As described more fully below, Plaintiff has contacted the USCIS' National Customer Service Center, the USCIS Nebraska

Service Center, U.S. Senator Barack Obama, U.S. Senator Richard J. Durbin, and the CIS Ombudsman. He has also attended an InfoPass Appointment.

15.    Plaintiff's instant action challenges only the reasonableness of Defendants' delay or inaction in the completion of his NNCP screening and transmission of a "FBIQUERY System" response to the USCIS, not the grant or denial of the I-485 Application; therefore, the jurisdictional limitations of 8 U.S.C. §1252 do not apply.

16.    This Court, in an opinion by U.S. District Judge Emmet G. Sullivan, has specifically held that it has subject matter jurisdiction to hear a similar cause of action under the APA filed by an alien whose I-485 adjustment application had been pending since July 23, 2003. *See*, Liu v. Novak, 509 F.Supp. 2d 1, 13 (D.D.C. Aug. 30, 2007)

17.    As noted in Judge Sullivan's opinion, there is significant district court authority holding that subject matter jurisdiction is appropriate for judicial review of an **agency's failure to take action** or to review the pace of adjustment application processing. Id., at 11-12. *See also,* Tang v. Chertoff, 2007 U.S. Dist. LEXIS 64022 at *14-19 (E.D. Ky. Aug, 29, 2007) (**granting a preliminary injunction and writ of mandamus** after finding that USCIS had a non-discretionary duty to process plaintiff's I-485 applications); Xu v. Chertoff, 2007 U.S. Dist. LEXIS 55215 at *2 (E.D. Mich. July 31, 2007) (duty to process I-485 applications within a reasonable time is a **non-discretionary duty** imposed by the APA and reviewable through the mandamus statute); Yan Yang v. Gonzales, 2007 U.S. Dist. LEXIS 42143 at *6 (S.D. Oh. June 11, 2007) (a complaint invoking the court's **mandamus jurisdiction** to compel resolution of I-485 application was appropriate); Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 at *10 (E.D. Pa. April 12, 2007) (**mandamus jurisdiction is**

6

appropriate because defendants owe plaintiffs a **non-discretionary duty** to act on their adjustment of status applications in a reasonable time); Saleem v. Keisler, 2007 U.S. Dist. LEXIS 80044 at *37 (W.D. Wisc. Oct. 26, 2007) (USCIS ordered to adjudicate adjustment application within 60 days); Jin v. Heinauer, 2007 U.S. Dist. LEXIS 89214 at *12-13 (S.D. Ohio Dec. 4, 2007) (USCIS ordered to adjudicate adjustment application within 90 days); Gershenzon v. Gonzales, 2007 U.S. Dist. LEXIS 68600 (W.D. Pa. Sept. 17, 2007) (motion to dismiss denied where USCIS had not adjudicated an adjustment application for more than three years due to an incomplete FBI NNCP screening); Liu v. Chertoff, 2007 U.S. Dist. LEXIS 50173 (E.D. Cal. July 11, 2007) (two-and-a-half year delay); Okunev v. Chertoff, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007) (more than a three year delay); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal. June 7, 2007) (unreasonable delay); Singh v. Still, 470 F.Supp. 2d 1064, 1072  (N.D. Cal. 2007) (nearly a four year delay); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. 2006) (an approximate eight year delay); Salehian v. Novak, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006) (two year delay); Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007) (more than a one year delay); Jones v. Gonzales, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) (delays of two and three years); Cao v. Upchurch, 496 F. Supp. 2d 569 (E.D. Pa. 2007) (summary judgment was appropriate as a four year delay was presumptively unreasonable and defendants made no attempt to rebut proof of an unreasonable delay); Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. 2007) (jurisdiction appropriate to determine whether action on an adjustment application had been unlawfully withheld); Lopez v. Secretary, DHS, 2007 U.S. Dist. LEXIS 68447 (M.D. Fla. Sept. 17, 2007) (evidentiary hearing granted regarding the reasonableness of a FBI delay in completing a name check) and

7

Sawad v. Frazier, 2007 U.S. Dist. LEXIS 75366 (D.Minn. Oct. 9, 2007) (motion to dismiss denied and defendants ordered to provide evidence specific to two adjustment applications and the related delayed background checks within sixty days).

## IV. VENUE

18.    Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1) because:

a.    Defendant Attorney General Michael B. Mukasey is an officer of the Department of Justice and is responsible for the operation of the FBI, which is headquartered in the District of Columbia.[3]    Defendant Mukasey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.    Defendant Robert S. Mueller, III, is an officer of the Department of Justice and is Director of the FBI, which is headquartered in the District of Columbia. Defendant Mueller performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.    Defendant Emilio Gonzalez is an officer of the Department of Homeland Security and is the Director of the USCIS, which is headquartered in the District of Columbia.    Defendant Gonzalez performs a significant amount of his

---

[3] It is well-established precedent in this Court that, "When an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." Jyachosky v. Winter, 2006 U.S. Dist. LEXIS 44399 at 12, hn. 6 (D.D.C. June 29, 2006), citing to Bartman v. Cheney, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. § 1391(e))

official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

        d.    Defendant Heinauer is an officer of the Department of Homeland Security who retains jurisdiction over Plaintiff's adjustment application, subject to the discretion of Defendant Gonzalez, who resides in the District of Columbia.

        e.    A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the FBI, DHS and USCIS, which are all headquartered in the District of Columbia; and

        f.    Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the discretion of their Agency Director who is similarly located within the District of Columbia.

        19.    Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## V. STATEMENT OF FACTS

### A. Eligibility for Immigrant Alien Worker benefits

        20.    On July 30, 2004, Plaintiff filed an I-485 Application for Adjustment of Status with the NSC, pursuant to §245 of the INA, 8 U.S.C. §1255. *See*, USCIS Form I-797C, Receipt Number LIN-04-224-51337, dated July 30, 2004, a copy of which is attached and incorporated hereto as "Exhibit B."

21.     Plaintiff has complied with all requests made by the USCIS to complete all necessary steps for the adjudication of his Adjustment Application. He has provided all of the information requested by the USCIS and has complied with all notices.

**B. USCIS and FBI Security Checks**

22.     Once an Application for Adjustment of Status is filed, the FBI must conduct mandatory criminal and national security background checks before an adjudication of the petition is possible. These security checks include the FBI NNCP check. *See*, Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007 at page 2, a copy of which is attached and incorporated hereto as "Exhibit C."

23.     In a majority of FBI NNCP name checks, no "matches" or indications of derogatory information are found. *See*, Exhibit C, page 2.

24.     The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded. Initial responses to the NNCP check are generally available within two (2) weeks. In eighty percent (80%) of applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See*, Exhibit C, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

25.     Less than **one percent (1%) of cases** subject to an FBI NNCP check **remain pending longer than six (6) months**. *See*, Exhibit C, CIS Fact Sheet, page 2.

26.     The FBI has stated, in a declaration previously submitted to this Court, that it has historically resolved approximately sixty-eight percent (68%) of

NNCP name checks with a "no record" result within **seventy-two (72) hours**. Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional **thirty to sixty (30-60) days** for twenty-two percent (22%) of all cases. Of the remaining ten percent (10%) of cases, less than **one percent (1%)** of USCIS cases are identified with a file containing *possible* derogatory information. *See*, Declaration of Michael A. Cannon, dated April 13, 2007 at pages 5-6, a copy of which is attached and incorporated hereto as "Exhibit D."

### C. Exhaustion of Administrative Remedies

27.    Plaintiff, by himself and through legal counsel, has made repeated inquiries regarding the status of his I-485 Application for Adjustment of Status. Plaintiff was advised in writing on June 26, 2007, that that the adjudication of the Adjustment Application was delayed because of the absence of the required security checks and has remained delayed for lack of the security check clearances. *See*, USCIS NSC Letter dated June 26, 2007, a copy of which is attached and incorporated hereto as "Exhibit E" .

28.    Plaintiff contacted the USCIS National Customer Service line numerous times between July 2004 and the present, but was informed that his Adjustment Application was delayed due to security checks. *See*, Exhibit A.

29.    Plaintiff contacted U.S. Senator Barack Obama to request assistance with expediting the adjudication of his Adjustment Application. Senator Obama acknowledged Plaintiff's request and provided an update from the USCIS that simply indicated a delay due to FBI name check and that they could not move forward until the name check had been completed. *See*, Letter from U.S. Senator Barack Obama's office and reply to Senator Obama's office from the Congressional Liaison

Specialist of the NSC, copies of which are attached and incorporated hereto as "Exhibit F" and "Exhibit G", respectively.

30.    Plaintiff contacted U.S. Senator Richard J. Durbin to request assistance with expediting the adjudication of his Adjustment Application. Senator Durbin acknowledged Plaintiff's request and provided an explanation that his office is not able to inquire about the status of name checks pending with the FBI. *See,* Letter from U.S. Senator Richard J. Durbin, a copy of which is attached and incorporated hereto as "Exhibit H."

31.    Plaintiff scheduled and attended an InfoPass Appointment on June 25, 2007. In response, he was informed that his case had been pending with the FBI since August 2004 for name/background check. *See,* InfoPass Appointment Confirmation, a copy of which is attached and incorporated hereto as "Exhibit I."

32.    Plaintiff contacted the CIS Ombudsman regarding his delayed background check and was informed that the office had "initiated a formal inquiry with the USCIS." Plaintiff did not receive a response to this inquiry from the USCIS. *See,* CIS Ombudsman Letter, dated August 17, 2007, a copy of which is attached and incorporated hereto as "Exhibit J".

**D.  Plaintiff's Mandamus Action**

33.    In order to obtain relief under the Mandamus Act, Plaintiff must establish that (1) his claim is "clear and certain;" (2) the duty owed is "ministerial and so plainly prescribed as to be free from doubt;" and (3) that no other adequate remedy is available. *See*, Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)

34.    Plaintiff has demonstrated through the FBI's own Declaration that Defendant FBI has a non-discretionary duty to complete all USCIS-requested NNCP name checks within a reasonable time. There is no legal authority for the argument

that the FBI may choose not to complete a USCIS-requested NNCP name check. *See,* Exhibit C and Exhibit D.

35.    Plaintiff has demonstrated that his claim for relief from the FBI's inaction is clear and certain in that there is no legal authority for the FBI to justify its inaction or to refuse to complete his USCIS-requested NNCP name check.

36.    The FBI's duty to complete Plaintiff's NNCP name check is purely ministerial in nature and so plainly prescribed by Executive Order that the Agency's duty is free from doubt.

37.    Plaintiff's exhaustion of remedies, as described above, shows that there is no other adequate remedy available to him.

## VI. INJURIES TO PLAINTIFF

38.    Plaintiff is adversely affected by the Defendant FBI's inaction described above in that his ability to travel abroad and work is restricted during the pendency of his I-485 Application period.    Until his FBI NNCP name check is completed, Plaintiff must annually apply and pay for special travel permission and work authorizations.

39.    Plaintiff has lost a significant amount of work time while pursuing the adjudication of his Application for Adjustment of Status, including but not limited to, making inquiries to the USCIS and FBI, meeting with his attorneys, and applying for annual work authorization renewals.

40.    Due to Defendant FBI's inaction described above, Plaintiff's future naturalization (to become a U.S. Citizen) has been delayed.

## VII. GROUNDS FOR RELIEF

41.    Defendant FBI's inaction and refusal to complete Plaintiff's NNCP screen and to transmit a "FBIQUERY System" response is both arbitrary and

13

capricious, as the FBI has a **mandatory, non-discretionary** duty, as required by law, to complete this process.  5 U.S.C. §701, 702 and 706, *et seq.* and 5 U.S.C. §555.

42.    Defendant FBI's inaction is a violation of the APA in that it has unlawfully withheld or unreasonably delayed action on Plaintiff's FBI NNCP name check.

43.    The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(I).

44.    Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

45.    If Plaintiff prevails under any of his claims stated herein, he is entitled to recover his attorneys' fees and costs under the EAJA, as amended, 5 U.S.C. §504 and 28 U.S.C. §2412.

**VIII.  CLAIMS FOR RELIEF**

46.    Defendant FBI has unreasonably delayed and failed to perform a mandatory action in completing Plaintiff's NNCP screen and transmitting a "FBIQUERY System" response to the USCIS, thereby preventing the adjudication of Plaintiff's I-485 Adjustment Application, which was filed over three (3) years and seven (7) months ago and depriving Plaintiff of lawful permanent resident status, as well as benefits conferred there from, including the accrual of time to apply for U.S. citizenship.

47.    Defendant FBI owes Plaintiff the duty to act and complete his NNCP screen and transmit a "FBIQUERY System" response and has unreasonably failed to perform these duties.

14

48.    Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendant FBI's inaction.

WHEREFORE, Plaintiff prays that this Honorable Court:

(1)    Compel Defendant Attorney General Mukasey and Defendant FBI Director Robert Mueller, and those acting under them, to perform their duty to complete Plaintiff's NNCP screen and transmit a "FBIQUERY System" response to the USCIS;

(2)    Grant such other and further injunctive or equitable relief as this Court deems proper under the circumstances; and

(3)    Grant attorney's fees, expenses and costs of court, pursuant to the EAJA.

Aron A. Finkelstein, Esquire
DC Bar No. MD25560
Murthy Law Firm
10451 Mill Run Circle
Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff

# EXHIBIT A

State of California                    )
                                       )        SSN: 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
County of San Mateo                    )

## AFFIDAVIT

I, Aditya Maheshwari, after being duly sworn, do hereby state and affirm that:

1. I am a citizen and national of India, aged 30 years, and am competent to testify to the facts herein.

2. I currently reside at 1000 National Avenue, Apt. #231, San Bruno, California, 94066.

3. My date of birth is October 10, 1977, and I was born in India.

4. I filed my Form I-485 Application for Adjustment of Status on July 30, 2004, which has now been pending for approximately three (3) years and seven (7) months.

5. My Form I-485 Application has been pending since July 30, 2004, and I have completed all steps and complied with all U.S. Citizenship and Immigration Service ("USCIS") requests regarding my case.

6. I have been informed by multiple U.S government sources that my I-485 Application is being delayed because of an unreasonable agency delay in that the Federal Bureau of Investigations ("FBI") has not completed my National Name Check Program (NNCP) clearance and generated a "FBIQUERY System" response, which is required before the USCIS may adjudicate my I-485 Application.

7. I have made numerous requests regarding the status of my delayed I-485 Application including:

   a. Contacting the USCIS' National Customer Service Center;

   b. Contacting the USCIS Nebraska Service Center;

   c. Making an official inquiry with U.S. Senator Barack Obama;

   d. Making an official inquiry with U.S. Senator Richard J. Durbin;

   e. Attending an InfoPass Appointment on June 25, 2007; and

   f. Contacting the CIS Ombudsman.

8. Despite these repeated attempts, and a delay of three (3) years and seven (7) months, my I-485 Application has not been adjudicated, due to this FBI NNCP processing delay.

9. The FBI's unreasonable delay in completing my NNCP check is preventing me from having my I-485 Application adjudicated, becoming a lawful permanent resident and, eventually, a U.S. citizen.

I AFFIRM under penalty of perjury and upon personal knowledge that the above statements and facts are true and accurate to the best of my knowledge, information and belief.

Signature: _____

Aditya Maheshwari

Date: 03/05/08

STATE OF _____, CITY/COUNTY OF _____,TO WIT:

I HEREBY CERTIFY THAT on this _ day of _____, 2008, before me, a Notary Public of the aforesaid State and City/County, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, who acknowledged that s/he has executed it for the purposes therein set forth.

_____
NOTARY PUBLIC

State of California, County of San Francisco
Subscribed and sworn to before me this 5th
Day of March 2008 by
Aditya Maheshwari
proved to me on
the basis of satisfactory evidence to be the
person(s) who appeared before me.

_____
Notary Public, California

APRIL M. JOHNSON
COMM. #1615088
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm Expires Nov. 13 2009

# EXHIBIT B

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of A**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER LIN-04-224-51337 | | CASE TYPE   I485    APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| RECEIVED DATE July 30, 2004 | PRIORITY DATE | APPLICANT   A98 152 974 MAHESHWARI, ADITYA |
| NOTICE DATE August 5, 2004 | PAGE 1 of 1 | |

AMY REINHORN
COOLEY GODWARD LLP
ONE MARITIME PLAZA 20TH FLOOR
SAN FRANCISCO CA 94111-3580

**Notice Type:**  Receipt Notice

**Amount received: $  385.00**

Section: Derivative adjustment

The above application or petition has been received.  It usually takes 570 to 600 days from the date of this receipt for us to process this type of case.  Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case.  You can also use the phone number 800-375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**.  If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the internet at www.bcis.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
**Customer Service Telephone: 800-375-5283**



Form I-797C (Rev. 11/28/03) N

# <u>EXHIBIT C</u>

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Zaigang Liu,                                    ) Case No.: 1:07CV00263
                                                )
            Plaintiff,                          )
      vs.                                       ) Declaration of Bradley J. Brouillette
                                                )
Paul Novak, Director, Vermont Service Center )
U.S Department of Homeland Security, U.S.    )
Citizenship and Immigration Services; Emilio )
Gonzalez, Director, U.S. Citizenship and     )
Immigration Services; Robert S. Mueller, III, )
Director, Federal Bureau of Investigation,   )

            Defendants

I, BRADLEY J. BROUILLETTE declare as follows:

1.  I am employed by the United States Citizenship and Immigration Services (hereinafter

    "USCIS") as a Supervisory Center Adjudications Officer at the Vermont Service Center

    (hereinafter "VSC"), in St. Albans, Vermont.  I have held this position since December

    2003.  I have been employed by the agency in various capacities since November 1995.  I

    make this declaration based on my personal knowledge and my review of official

    documents and records maintained by the USCIS.  If called to testify, I could and would

    do so competently.

2.  This declaration is submitted in support of Defendants' motion to dismiss in the case of

    Zaigang Liu v. Novak et al., 1:07CV00263, now pending before the United States

    District Court for the District of Columbia.  It provides a factual summary of the agency's

    adjudication policy as well as a review of the plaintiff's file.

1

3.  When a visa petition or other application seeking an immigration benefit on behalf of an alien is filed with USCIS, the agency conducts numerous mandatory criminal and national security background checks. These checks are conducted both to enhance national security and ensure the integrity of the immigration process. These security and background checks serve to screen out aliens who may seek to harm the United States and its citizens or who may be seeking immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. Pursuant to established agency policy, all required security checks must be completed prior to adjudication of the application.

4.  The attached Fact Sheet explains the different types of checks that must be completed. (See Fact Sheet, dated April 25, 2006, a true and correct copy of which is attached hereto as Exhibit 1). The checks include the FBI Name Check, FBI fingerprint check, and the DHS-managed Interagency Border Inspection System (IBIS). The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement agencies. Although in the majority of FBI name checks no matches are found, some cases involve complex or highly sensitive information and cannot be resolved quickly. The IBIS system contains records and information from more than 20 federal law enforcement and intelligence agencies including the Central Intelligence Agency (CIA), FBI and other divisions of the U.S. Department of Justice, the Department of State, DHS Customs and Border Protection (CBP) and other DHS agencies. It is a multi-agency effort with a central system that combines information from these various sources and databases to compile information regarding national security risks, public safety concerns, and other law enforcement concerns. IBIS provides, but is not limited to, information related to persons who are wanted criminals, persons of interest in the context of national security, and other derogatory information, including adverse immigration history. While the

2

1    results of an IBIS query are usually available immediately, in some cases information

2    found will require further investigation. Finally, FBI fingerprint checks provide

3    information relating to criminal background within the United States. Results are

4    usually received within days and while the vast majority results in no criminal record,

5    positive results may have a direct bearing on the eligibility of an applicant for the

6    immigration benefit being sought.

7    5.    Once USCIS receives an I-485 a file is opened and an electronic record of that

8    application is created. Much of this initial electronic processing and data entry is

9    automated, including the automatic generation and electronic transmission of a FBI name

10    check request in FBIQUERY, the FBI repository and tracking system for FBI Name

11    Check requests. Once the initial file creation and processing of an I-485 application is

12    complete, each file is placed on an I-485 pending shelf for processing and adjudication in

13    chronological order according to date of receipt.

14

15    6.    Due to bi-specialization, the VSC no longer accepts any new I-485 applications. All

16    pending cases being held for FBI name and date of birth check clearance and Visa

17    Availability have been sent to the Texas Service Center. The VSC has retained

18    approximately 15,000 pending cases in which the adjudicative process had already begun

19    and the adjudication of those cases will be completed at the VSC.

20

21    7.    VSC periodically runs an electronic report in FBIQUERY system for all files on the I-

22    485 pending shelf to confirm the successful transmission of the FBI Name Check request

23    and to identify those applications that have received responses from the FBI name checks

24    and FD-258 (fingerprints) and are thus ready for adjudication. FBI name check requests

25    that have been received by the FBI but have not yet been completed are indicated by a

26    notation of "Pending" in FBIQUERY. An FBI Name Check that has been completed will

27

3

1    be indicated by various entries depending on the result, including No Record, Positive

2    Response, etc.

3    8.    This report will also identify those I-485 applications that have received a "No Data" or

4    "Error" response in FBIQUERY indicating a problem with transmission of the name

5    check request from USCIS to the FBI. If such a problem is reported, the FBI name check

6    requests will then be initiated a second time and resent manually or electronically to the

7    FBI for a response. In this way USCIS ensures that the FBI has in fact received all

8

9    requests for name checks.

10    9.    All files on the FBI Name Check Shelf are audited regularly in order to identify those in

11    which a response from the FBI has been received. This audit is conducted at least every

12    three weeks or more often. In this manner the agency ensures that as FBI responses are

13    received, files are expeditiously released for adjudication. FBIQUERY reports do not

14    provide USCIS with any indication as to what information the FBI may have relating to a

15    particular alien, whether an FBI investigation into the particular alien has been

16    undertaken, or whether there are national security concerns relating to that alien.

17

18    10.    For most applicants, USCIS can quickly determine if there are criminal or security

19    related issues in the applicant's background that affect eligibility for immigration

20    benefits. However, due both to the sheer volume of security checks USCIS conducts,

21    and the fact that USCIS must await responses from the FBI or other relevant agencies

22    that conduct some of the required security checks, some delays on individual

23    applications are unavoidable and may be lengthy. Moreover, in some cases a

24    background or security check will reveal that positive (derogatory) information on the

25    subject alien is possessed by some agency other than USCIS without necessarily

26    revealing the substance of that information. In such cases, USCIS works closely with

27    the other law enforcement or intelligence agencies to obtain all available information.

4

1    concerning the positive result in order to properly evaluate its significance. Even where

2    the FBI or a third agency has provided a final response, a case may still be considered

3    pending where the response requires further investigation or review by USCIS or

4    another agency. It is vitally important to thoroughly screen each applicant in order to

5    resolve all concerns of a law enforcement or national security nature before determining

6    that an individual is eligible for an immigration benefit.

7    11.    The agency's policy for requesting expedited security checks requires that the applicant

8    meet one of the following criteria:

9    1.    Military Deployment.

10    2.    Age-out cases not covered by the Child Status Protection Act and applications

11    affected by sunset provisions such as the Diversity Visa Program.

12    3.    Compelling reasons provided by the requesting office such as critical medical

13    conditions.

14    

15    4.    Loss of Social Security benefits or other subsistence at the discretion of the

16    Director.

17    U.S. Citizenship and Immigration Services (USCIS) is no longer routinely requesting the

18    FBI to expedite a name check when the only reason for the request is that a mandamus

19    (or other federal court petition) is filed in the case.

20    

21    12.    USCIS reports the average processing times for specific applications and petitions on the

22    USCIS website. This information reflects only average processing times on the date the

23    information is published. Average processing times fluctuate widely and will sometimes

24    even regress for a specific form type due to a number of factors, including a reallocation

25    of agency resources, reordering of the agency's priorities, and other reasons.

26    Additionally, not every application will require the same level of inquiry. Some may

27    

5

require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS.

13. The FBI has an established process of processing FBI Name Check requests from USCIS chronologically based on the date the request is forwarded. As stated above, certain requests can be expedited if they meet specific expedite criteria. However, it is important to note that whenever a particular application or petition receives expedited processing and is moved up in the queue, it is at the expense of those still unadjudicated petitions or applications that bear an earlier filing date. There is no statutory or regulatory time limit for the adjudication of I-485s. Moreover, an alien who has applied for adjustment of status may apply for and obtain employment authorization for the entire time his or her application is pending. Most applicants for adjustment of status may also apply for and obtain advance parole to enable them to travel abroad during the pendency of their application. Thus, applicants for adjustment of status are not as adversely affected by delays in the adjudication of their applications as are aliens filing for other immigration benefits.

14. In my capacity as a Supervisory Center Adjudications Officer at the VSC, I have access to the official files and records of the USCIS. I have reviewed the system records for plaintiff LIU, Zaigang, A97 486 586. The record reflects that on July 23, 2003, plaintiff Liu filed an application for adjustment of status to permanent resident on Form I-485.

6

1     Plaintiff seeks adjustment as a derivative beneficiary on an approved I-140 employment

2     based visa petition for his spouse Lu Zhang.  To date, plaintiff's application remains

3     pending the completion of security checks.  Once the required security checks are

4     completed, the plaintiff's application will be adjudicated.

5  15.  Because the plaintiff's case does not meet one of the above-mentioned expedite criteria,

6

7     the agency is unable to request an expedite of the security check clearance on his behalf.

8     For this reason the USCIS cannot adjudicate plaintiff's I-485 application for adjustment

9     of status until such time as all security checks are complete.

10

11    I declare under penalty of perjury that the foregoing is true and correct.  Executed this

12    23rd day of April, 2007 at St. Albans, Vermont.

13

14

15

16    Bradley J. Brouillette
Supervisory Center Adjudications Officer
Vermont Service Center

17

18

19

20

21

22

23

24

25

26

27

7

# EXHIBIT D

APR-20-2007  16:24     FBI/OGC                              202 220 9347     P.002

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ZIAGANG LIU,

Plaintiff,

v.                                          Case No:
                                            07-CV-00263
PAUL NOVAK,
        et al.,

Defendants.

## DECLARATION OF MICHAEL A. CANNON

Michael A. Cannon, pursuant to 28 U.S.C. § 1746, declares the following:

(1)    I am currently the Section Chief of the National Name Check Program
Section at the Headquarters of the Federal Bureau of Investigation ("FBI") in Washington, D.C.
I have held that position since March 7, 2005.

(2)    In my current capacity as Section Chief, I supervise the National Name
Check Units. The statements contained in this declaration are based upon my personal
knowledge, upon information provided to me in my official capacity, and upon conclusions and
determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures
followed by the FBI in responding to requests for information from its files pursuant to the policy
and the procedures of the United States Citizenship and Immigration Services ("USCIS").
Specifically, I am aware of the name check request for Zaigang Liu, the plaintiff in this civil
action.

## NATIONAL NAME CHECK PROGRAM

(4)    The National Name Check Program ("Program") has the mission of
disseminating information from the FBI's Central Records System in response to requests
submitted by federal agencies, congressional committees, the federal judiciary, friendly foreign

police and intelligence agencies, and state and local criminal justice agencies. The Central
Records System ("CRS") contains the FBI's administrative, personnel, and investigative files.
The Program has its genesis in Executive Order No. 10450, issued during the Eisenhower
Administration. That executive order addresses personnel security issues and mandates National
Agency Checks as part of the pre-employment vetting and background investigation process for
prospective Government employees. The FBI performs the primary National Agency Check
conducted on all United States Government employees. From this modest beginning, the
Program has grown exponentially, with more and more customers seeking background
information from FBI files on individuals before bestowing a privilege, such as Government
employment or an appointment, a security clearance, attendance at a White House function, a
"green card" or naturalization, admission to the bar, or a visa. More than 70 federal, state, and
local agencies regularly request FBI name searches. In addition to serving our regular
Government customers, the FBI conducts numerous name searches in direct support of the FBI's
counterintelligence, counterterrorism, and homeland security efforts.

## EXPLANATION OF THE CENTRAL RECORDS SYSTEM

    (5)    The FBI's CRS enables the FBI to maintain all information which it has
acquired in the course of fulfilling mandated law enforcement responsibilities. The records
maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files
compiled for law enforcement purposes. This system consists of a numerical sequence of files
broken down according to subject matter. The subject matter of a file may relate to an
individual, organization, company, publication, activity, or foreign intelligence matter. Certain
records in the system are maintained at FBI Headquarters. Records which are pertinent to
specific FBI Field Offices are mostly maintained at those Field Offices.

    (6)    FBI Headquarters and each Field Division can access the CRS through the
FBI's General Indices. The General Indices are arranged in alphabetical order and consist of
indices on various subjects, including the names of individuals and organizations. Only the
information considered pertinent, relevant, or essential for future retrieval is indexed.

(7)     Communications directed to FBI Headquarters from various Field Offices and Legal Attaches are filed in the pertinent case files and indexed to the names of individuals, groups, or organizations which are listed in the case captions or titles as subjects, suspects, or victims. Searches made in the index to locate records concerning particular subjects are made by searching the name of the subject requested in the index.

(8)     The entries in the General Indices fall into two categories:

(a)    "main" entries – entries that carry the name corresponding with the subject of a file contained in the CRS.

(b)    "reference" entries – entries (sometimes called "cross-references") that generally only mention or reference an individual, organization, etc., that is contained in a document located in another "main" file.

(9)     In 1995, the FBI implemented the Automated Case Support ("ACS") system for its Headquarters, Field Offices, and Legal Attaches. More than 105 million records were converted from automated systems previously utilized by the FBI. The ACS system consists of the following three automated applications that support case management functions for all investigative and administrative cases:

(a)    Investigative Case Management:  This application provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads.  A case is opened by the Office of Origin, which sets leads for itself and other field offices, as needed.  The offices that receive the leads are referred to as Lead Offices. When a case is opened, it is assigned a Universal Case File Number, which is utilized by FBI Headquarters and all offices conducting or assisting in the investigation.  Using fictitious file number "111-HQ-12345" as an example, an explanation of the Universal Case File Number is as follows: "111" indicates the classification for that specific type of investigation; "HQ" is the abbreviated form used for the Office of Origin of the investigation (in this case, FBI Headquarters); and "12345" indicates the individual case file number for that particular investigation.

(b)    Electronic Case File:  This application serves as the central electronic repository for the FBI's official text-based documents. It supports the universal serial concept, where only the creator of a document serializes it into a file, providing single source entry of serials into the

3

# **EXHIBIT E**

**U.S. Department of Homeland Security**
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

Tuesday, June 26, 2007

ADITYA MAHESHWARI
1533 CHATFIELD CT.
ROSELLE IL 60172

Dear Aditya Maheshwari:

On 06/18/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | Applicant or Petitioner |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | Information not available |
| **Receipt #:** | LIN-04-224-51337 |
| **Beneficiary (if you filed for someone else):** | Maheshwari, Aditya |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Outside Normal Processing Times |

The status of this service request is:

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open.

Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

U.S. CIS - 06-26-2007 10:32 AM EDT - LIN-04-224-51337

# EXHIBIT F

BARACK OBAMA
ILLINOIS

COMMITTEES

HEALTH, EDUCATION, LABOR AND PENSIONS

HOMELAND SECURITY AND
GOVERNMENTAL AFFAIRS

FOREIGN RELATIONS

VETERANS' AFFAIRS

## United States Senate

WASHINGTON, DC 20510

October 4, 2007

Ms. Aditva Maheshwari
1533 Chatfiela Ct
Roselle, IL  60172

Dear Ms. Maheshwari,

In response to our inquiry to the Department of Homeland Security on your behalf, I have received the enclosed response.  In Mr. Martinez letter they have received your application; however it is still pending an FBI Check. If you have not received an update within 90 days, please contact our office so we may submit another inquiry on your behalf. I hope I have been of assistance to you.

Sincerely,

Jamia Porter
Constituent Service Agent

607 East Adams St.
Suite 1520
Springfield, IL 62701
(217) 492-5089

WASHINGTON OFFICE
713 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510
OFFICE (202) 224-2854
FAX (202) 228-4260

CHICAGO OFFICE
230 S. DEARBORN
SUITE 3900
CHICAGO, IL 60604
OFFICE (312) 886-3506
FAX (312) 886-3514

SPRINGFIELD OFFICE
607 EAST ADAMS
SUITE 1520
SPRINGFIELD, IL 62701
OFFICE (217) 492-5089
FAX (217) 492-5099

MARION OFFICE
701 NORTH COURT STREET
MARION, IL 62959
OFFICE (618) 997-2402
FAX (618) 997-2850

MOLINE OFFICE
1911 52ND AVENUE
MOLINE, IL 61265
OFFICE (309) 736-1217
FAX (309) 736-1233

**<u>EXHIBIT G</u>**

The Honorable Barack Obama
U.S. Senator
607 East Adams Suites 1520
Springfield, IL. 62701

Attn: Jamia Porter Jowers

A98 152 974
I485 EB Derivative – LIN-04-224-51337
Receipt Date: 07/30/2004

Aditya Maheshwari
1533 Chatfield Court
Roselle IL 60172

G28:

Amy Reinhorn
Cooley Godward LLP
101 California St Fl 5
San Francisco CA 94111

The I485 is here and pending.  The FBI Name check is pending – we cannot move forward with
the adjudication of the I485 until the name check has been completed.

Sincerely,

Congressional Liaison Specialist
Nebraska Service Center

.

# EXHIBIT H

RICHARD J. DURBIN
ILLINOIS

COMMITTEE ON APPROPRIATIONS

COMMITTEE ON THE JUDICIARY

COMMITTEE ON RULES
AND ADMINISTRATION

ASSISTANT MAJORITY
LEADER

## United States Senate
### Washington, DC 20510-1304

300 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-1304
(202) 224-2152
TTY (202) 224-8180

230 SOUTH DEARBORN, 38TH FLOOR
CHICAGO, IL 60604
(312) 353-4952

525 SOUTH EIGHTH STREET
SPRINGFIELD, IL 62703
(217) 492-4062

701 NORTH COURT STREET
MARION, IL 62959
(618) 998-8812

durbin.senate.gov

August 7, 2007

Mr. Aditya Maheshwari
1533 Chatfield Court
Roselle, IL 60172

Dear Mr. Maheshwari:

Thank you for your recent correspondence in relation to your pending FBI name check. I understand your frustration with the lengthy delays you have experienced in obtaining your name check clearance. As you are probably aware name check clearances are required by the United States Citizenship and Immigration Services before they can process or make a final determination on permanent residency and citizenship petitions. Our office is not able to inquire about the status of name checks pending with the FBI. I have enclosed some information regarding the name check process that may better help you in your understanding of this matter.

Although we are unable to assist you in this particular situation, please do not hesitate to contact me if you require assistance with other matters of federal concern.

Very truly yours,

Kai Love
Director of Constituent Services

Office of Richard J. Durbin
United States Senator
230 South Dearborn St., Suite 3892
Chicago, Illinois 60604
312/353-4952

RJD/kl

# EXHIBIT I



**INFOPASS**
Your e-Ticket to Immigration
Information.

**Name:** **Aditya Maheshwari**

**Appointment Question about case
Type:**

**Confirmation CHI-07-18693
No.:**

**Authentication f322
Code:**

**Appointment June 25, 2007
Date:**

**Appointment 11:45
Time: AM**

**Location:** 101 W. CONGRESS PARKWAY, Chicago, IL 60605; LOBBY

### This is your Confirmation Number:



*CHI-07-18693*

## If you wish to cancel this appointment, you will need the following Personal Identification Number: *74697*

Please be on time. Failure to show up on time will result in the cancellation of your appointment. You will then need to reschedule your appointment. You will not be admitted more than 15 minutes before your scheduled appointment time.

- **You must appear in person and bring photo identification along with this appointment letter.**
- **Acceptable forms of identification are any of the following: Government issued identification, passport, valid driver's license, I-94, Work Authorization Card, or Permanent Resident Card. (Green Card)**
- **In order to serve you more efficiently, we require you to bring all applicable immigration forms, letters, receipts, translations and originals of supporting documents.**

# EXHIBIT J

*Office of the*
*Citizenship and Immigration Services Ombudsman*

**U.S. Department of Homeland Security**
Mail Stop 1225
Washington, D.C. 20528-1225



# Homeland
# Security

August 17, 2007

Mr./Ms. Aditya Maheshwari
1533 Chatfield Ct
Roselle, IL 60172-4014

Dear Mr./Ms. Maheshwari:

Thank you for your recent inquiry regarding your immigration issue.

Upon receipt of your information, the office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman) initiated a formal inquiry with the U.S. Citizenship and Immigration Services (USCIS). USCIS should issue a response to you within forty-five (45) days. If you do not receive a response within this period, please notify our office.

Please be aware that although the office of the CIS Ombudsman collaborates with USCIS, it is an independent entity within the Department of Homeland Security (DHS). The office of the CIS Ombudsman is charged with assisting individuals who experience difficulties with the USCIS benefits process. Additionally, the office of the CIS Ombudsman is dedicated to identifying systemic problems in the immigration benefits process, and to recommending solutions to USCIS. Therefore, the concerns you raised in your letter will be considered as our office develops recommendations to improve USCIS' administrative practices.

Once again, thank you for contacting the office of the CIS Ombudsman, and for giving us the opportunity to serve you.

Sincerely,

Prakash Khatri
Ombudsman

PIK/bh

# **Table of Exhibits**

Affidavit of Aditya Maheshwari – 03/05/2008…............................................. Exhibit A

USCIS Receipt Notice for I-485 Application by Aditya Maheshwari – 07/30/2004……………………………………………………….…….. Exhibit B

Declaration of Bradley J. Brouillette – 04/23/2007……………….............. Exhibit C

Declaration of Michael A. Cannon – 04/13/2007........................................... Exhibit D

USCIS Status Letter for Aditya Maheshwari – 06/26/2007……………......... Exhibit E

Letter from US Senator Barack Obama Regarding Aditya Maheshwari – 10/04/2007……………………………………………………………….... Exhibit F

Reply from NSC Congressional Liaison Specialist……………..………....... Exhibit G

Letter from US Senator Richard J. Durbin Regarding Aditya Maheshwari – 08/07/2007……………………………………………………………….... Exhibit H

USCIS InfoPass for Aditya Maheshwari – 06/25/2007………...…………… Exhibit I

Letter from USCIS Ombudsman Regarding Aditya Maheshwari – 08/17/2007…………………………………………………………………… Exhibit J

End Of Document

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Aditya Maheshwari    88689 | Michael B. Mukasey, US Attorney General; Robert S. Mueller, III, Dir.—, FBI; Emilio T. Gonzalez, Dir., US DHS; F. Gerard Heinauer, Dir., Nebraska Service Center, USCIS. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Murthy Law Firm
Aron A. Finkelstein
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117

Case: 1:08-cv-00489
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 3/21/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☒ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange.
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

5

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Mandamus Action under 28 U.S.C. Sec. 1361 challenging unreasonable FBI and USCIS delay in processing background check and I-485 application

**VII. REQUESTED IN COMPLAINT**     CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE 3/18/08    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.